JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Frank W. Cangemi appeals from a judgment of the domestic relations division of the common pleas court which granted plaintiff-appellee Kathryn Pease Cangemi's complaint for divorce and ordered appellant to pay appellee $562,620.58 as a property division, as well as spousal support of $5,000 per month for 12 months and $3500 for attorney's fees. Appellant was also ordered to pay "arbitrator's fees" of $14,100, but was given a credit equal to 20% of that amount.
 {¶ 2} Appellant complains that the court abused its discretion in determining the termination date for the parties' marriage, and by awarding post-decree spousal support. He also asserts that the court erred by failing to modify the temporary spousal support order to limit the total amount of support awarded to appellee in accordance with the parties' antenuptial agreement. He argues the court abused its discretion in determining the marital assets and dividing marital property. Finally, he complains that the court erred by ordering him to pay a disproportionate part of the arbitrator's fees.
 {¶ 3} We find the court plainly erred by adopting the arbitrator's decision. Therefore, we vacate and remand for further proceedings.
 Procedural History {¶ 4} Appellee filed a complaint for divorce on October 29, 1999 and moved the court for support pendente lite. The magistrate granted this motion and ordered appellant to pay $6,000 per month as temporary spousal support. Appellant's motion to set aside this award was denied by the court. His subsequent motion to terminate spousal support was also denied.
 {¶ 5} The magistrate assigned to this case resigned. "Due to the assigned Magistrate's resignation and unavailability," the administrative judge "referred" this matter to a visiting judge for hearing. See Loc.R. 2 of the Court of Common Pleas of Cuyahoga County, Domestic Relations Division. Trial was scheduled for January 29, 2002, but the trial apparently did not go forward on that date. Instead, on February 25, 2002, the court entered an agreed order for the case to be heard by Barbara B. Porzio as arbitrator. That arbitration proceeding also did not take place. On February 4, 2003 the court entered the following order:
 {¶ 6} "It appearing to the Court that the parties, through counsel, have agreed that this matter be heard and decided by John V. Heutsche acting as an arbitrator under the following instructions:
 {¶ 7} "The proceedings shall be governed by the Ohio Civil Rules and the laws of the State of Ohio.
 {¶ 8} "A record shall be made of the proceedings.
 {¶ 9} "Each disputed issue to be decided by arbitration shall be specifically set forth and the Arbitrator shall make findings of fact and conclusions of law within sixty (60) days of the conclusion of the hearing.
 {¶ 10} "The arbitrator will determine allocation of costs, including Arbitrator's fees.
 {¶ 11} "Upon receipt of the arbitrator's award, the trial court shall journalize same as its judgment.
 {¶ 12} "The parties hereby waive any appeal rights provided by Ohio Civil Rule 53. The parties shall, however, retain all rights of appeal to the Eighth District Court of Appeals.
 {¶ 13} "It is so Ordered."
 {¶ 14} On May 4, 2004, the court entered an "Arbitrator's Opinion and Decision and Judgment Entry of Divorce" which was drafted and approved by the arbitrator. This opinion recited the proceedings before the arbitrator and described the parties' stipulations of fact. It then set forth the arbitrator's findings of fact and conclusions of law and his decision.
 {¶ 15} The arbitrator's decision is followed by an "Order of the Court" which indicated that "pursuant to Court Order of February 4, 2003 * * *, the Court has received the Arbitration decision as hereinbefore recited and adopts the same as its own order." The court then entered judgment on each of the arbitrator's decisions.
 {¶ 16} Appellant has appealed from this decision.
 Law and Analysis {¶ 17} We are unable to reach the merits of appellant's assignments of error because of a plain error in the proceedings before the trial court. The parties' attempt to tailor the proceedings — to choose their decision-maker and define the process by which his decision would be reviewed — is not authorized by the Ohio Revised Code or court rules.
 {¶ 18} Mr. Heutsche did not act as an arbitrator in this case, despite the parties' use of that term to describe him. Unlike the general division of the common pleas court, the domestic relations division has not adopted any procedure for court-ordered arbitration. Cf. Loc. R. 29 of the Cuyahoga County Common Pleas Court, General Division. The proceeding ordered here bears no resemblance to the arbitration proceeding contemplated by General Division's rules.[1]
 {¶ 19} Nor does the procedure used here resemble arbitration pursuant to R.C. Chapter 2711.[2] Most important, there was no written agreement to arbitrate. See R.C. 2711.01(A). The arbitrator's award was not provided to the parties before the court adopted it as the court's decision; the parties were not given an opportunity to move the court to vacate, modify or correct the award. See R.C. 2711.08 to 2711.11. In fact, the parties waived any right to challenge the award before the common pleas court. Such a waiver would ordinarily waive any claimed error on appeal to this court, yet the parties attempted to preserve a right to appeal to this court. These inconsistencies preclude us from considering the "arbitrator's opinion and decision" as an arbitrator's decision.
 {¶ 20} The order establishing the guidelines for the proceeding before Mr. Heutsche treats Mr. Heutsche's role as similar to that of magistrate. However, there are several critical distinctions between the proceeding ordered by the court and a referral to a magistrate under Civ.R. 53. First, the court never appointed Mr. Heutsche as magistrate or referred the matter to him for trial. The court simply noted that the parties agreed to have Mr. Heutsche hear and decide their case, and established the procedures under which he would do so. Thus, it appears that Mr. Heutsche had no jurisdiction to decide this case as a magistrate. Cf. State ex rel Nails v. Russo, 96 Ohio St.3d 410,2002-Ohio-4907, ¶¶ 21-22 and authorities cited therein.
 {¶ 21} Second, Civ.R. 53(B) provides that the compensation of the magistrate shall be fixed by the court, and no part of the compensation shall be taxed as costs. The court's order taxes Mr. Heutsche's fees as costs. Even though the parties agreed to this procedure, it contravenes the policy of the Supreme Court Rules Advisory Committee, that "the salary of judicial officers," even those appointed on an interim basis, "should be borne by the taxpayers generally, rather than by the parties to cases." Civ.R. 53, Staff Note.
 {¶ 22} Third, Civ.R. 53 contemplates that a magistrate's report will be filed with the clerk and served on the parties, that the parties will have an opportunity to object, and that the court will rule on those objections and either adopt, reject or modify the magistrate's order. While the parties can stipulate that the magistrate's findings of fact will be final, there is no provision allowing the parties to "waive" the trial court's obligation to review the magistrate's decision for errors of law and directly appeal any such errors to this court, as the parties attempted to do here. Quite the opposite, if a party fails to object, he or she may not appeal from the trial court's adoption of a finding of fact or conclusion of law.
 {¶ 23} Finally, the dispute resolution process to which the parties agreed here did not comply with R.C. 2701.10. Most important, Mr. Heutsche is not a retired judge registered with the clerk of courts for the purpose of receiving referrals of cases for adjudication. Second, there is no written agreement with him which was filed with the court before the referral was made. There was no prior agreement about the amount of his compensation or the manner in which he would be paid. The parties and Mr. Heutsche apparently understood that Heutsche did not have authority to enter judgment himself, as a retired judge acting under R.C. 2701.10 would, but rather agreed that the common pleas court would enter judgment on his decision.
 {¶ 24} We applaud parties' efforts to resolve their disputes through the available alternatives to the normal judicial process. In doing so, however, the parties must accept the decision and review process provided by statute or court rules. In the final analysis, in this case, the trial court allowed the parties to have a private judge hear and decide their case and agreed to "rubberstamp" his decision in an effort to make that decision appealable to this court. We cannot accept this effort to mix and match public and private dispute resolution mechanisms and review procedures.
 {¶ 25} "Judicial power may be conferred upon a person or a court only by authority of law, and in the absence of such authority, a judge cannot delegate his judicial authority." Huffman v. Huffman, Franklin App. Nos. 02AP-101, 02AP-698, 2002-Ohio-6031 (citing Demereaux v. State (1930),35 Ohio App. 418). A delegation of judicial authority under color of right may allow the person to whom the judicial authority is transferred to act as a de facto judge, even if the delegation of authority is defective. Here, however, the appointment of Mr. Heutsche was made without color of authority, and was therefore void.
 {¶ 26} We find Mr. Heutsche had no jurisdiction to hear and decide the parties' case. Moreover, the trial court plainly erred by adopting a decision submitted by a stranger to the proceedings, without review. The parties' agreement to this procedure did not eliminate the court's ethical obligation to exercise its independent judgment. Accordingly, we vacate the court's decision and remand for further proceedings.
This cause is vacated and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to the common pleas court, domestic relations division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J. and Kilbane, J. Concur.
[1] Under the local rule, a panel of three arbitrators hears the case. The panel must file its report and award with the ADR administrator for the clerk of courts within seven days after the hearing, and mail copies to the parties. The parties have the right to appeal the decision. If they do appeal, the court must conduct a de novo trial. If no appeal is taken within the time specified by the rule, the report and award has "the attributes and legal effect of a verdict," and the court must enter judgment on it.
[2] The Ohio Supreme Court approved the use of consensual, contractual arbitration to resolve disputes as to temporary or permanent spousal or child support in domestic relations matters, although agreements to arbitrate matters of child custody and visitation are void. Kelm v.Kelm, 92 Ohio St.3d 223, 2001-Ohio-168; Kelm v. Kelm, 68 Ohio St.3d 26,1993-Ohio-56.