**[Cite as *State v. Henderson*, 2012-Ohio-3499.]**

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 24849 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 11-CR-1437 |
| v. | : | |
| | : | |
| ERIC L. HENDERSON | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 3rd day of August, 2012.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. #0069384, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

VICTOR A. HODGE, Atty. Reg. #0007298, Public Defender's Office, 117 South Main Street, Suite 400, Dayton, Ohio 45422
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1}  Defendant-appellant Eric L. Henderson appeals from his conviction and

sentence, following a guilty plea, on two counts of Non-Support of Dependents, felonies of the fourth degree, in violation of R.C. 2919.21(B), having previously been convicted of Non-Support. Each count involved a different child.

{¶ 2} Henderson was sentenced to community control sanctions. The sanctions included a requirement that he "complies with the Montgomery County Support Enforcement Agency in SETS# * * * and SETS # * * * ." Or, in other words, that he pay his court-ordered child support. They also included requirements that he pay restitution, in the amount of $12,205.80 to Ohio Child Support Payment Central, in a monthly amount to be determined by that agency, and in the amount of $8,040.60 to Ohio Child Support Payment Central, also in a monthly amount to be determined by that agency.

{¶ 3} Henderson contends that: (1) the above-mentioned requirements are not permitted community control sanctions; (2) the trial court erred by delegating its judicial authority to Ohio Child Support Payment Central, an administrative agency; and (3) the trial court erred by creating a criminal penalty for acts (failure to pay child support) that are statutorily enforceable by contempt proceedings.

{¶ 4} We conclude that: (1) the requirement that Henderson pay his court-ordered child support is a proper community control sanction; (2) the trial court did not delegate its authority to determine whether that requirement was violated; and (3) the trial court did not create a criminal penalty for Henderson's future failure to pay child support, because the penalty that would be imposed if his community control sanctions were vacated would be a consequence of his criminal conviction in this case. Accordingly, the judgment of the trial court is Affirmed.

### I. Henderson Pleads Guilty to Two Counts of Non-Support,
### and Community Control Sanctions Are Imposed

{¶ 5} Henderson was charged with four counts of Non-Support of a Dependent, in violation of R.C. 2919.21(B), having previously been convicted of Non-Support. The first two counts involved the same child, but different two-year time periods. The third and fourth counts involved another child, again with different two-year time periods.

{¶ 6} Henderson pled guilty to two counts, each involving a different child, but the same time period, and the remaining counts were dismissed. Henderson was sentenced to community control sanctions for a period not to exceed five years. The third-, fourth-, and ninth-numbered sanctions were as follows:

3. A requirement that the offender pays restitution in the amount of $12,205.80 to Ohio Child Support Payment Central, in an amount to be determined by that agency;

4. A requirement that the offender pays restitution in the amount of $8,040.60 to Ohio Child Support Payment Central, in an amount to be determined by that agency;

9. A requirement that the offender complies with the Montgomery County Support Enforcement Agency in SETS# 7003535866 and SETS# 7003465320[.]

{¶ 7} After all thirteen enumerated sanctions, the judgment entry continued as follows: "to be monitored by the Montgomery County Division of Criminal Justice Services. If you violate any condition of this sanction, or if you violate any law, the court can impose a

longer time under the same sanction, impose a more restrictive sanction, or a prison term of **11 months CRC each count; concurrent to each.**"   (Underlining and bold in original.)

{¶ 8}   The second page of the judgment entry contained a line for restitution. That line contained the following: "$12,205.80; $8040.60."   The judgment entry specified that restitution was payable to Ohio Child Support Payment Central.

{¶ 9}   From his sentence, Henderson appeals.

## II.   The Trial Court Did Not Err by Requiring Henderson to Pay Court-Ordered Child Support as a Condition of his Community Control Sanctions

{¶ 10}   Henderson's First Assignment of Error is as follows:

THE TRIAL COURT ERRED IN ORDERING APPELLANT TO MAKE PAYMENTS, OTHER THAN RESTITUTION, ON ACCOUNTS MAINTAINED BY THE MONTGOMERY CHILD SUPPORT ENFORCEMENT AGENCY.

{¶ 11}   Henderson contends that the requirement, as part of his community control sanctions, that he pay court-ordered child support, constitutes a financial sanction that is not authorized, because it exceeds the scope of financial sanctions authorized by R.C. 2929.18. That statute authorizes as a financial sanction: "Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss."   R.C. 2929.18(A)(1).   Therefore, Henderson argues, although he could be required to pay the child support that he was convicted of not having paid, he cannot be required to pay child support, the non-payment of which was not the basis of his conviction, including, of course, future child support.

{¶ 12}   We have recognized a distinction between restitution, ordered unconditionally as part of a criminal sanction, and conditions of community control sanctions requiring the payment of court-ordered support.   In *State v. Craft*, 2d Dist. Greene No. 2001-CA-128, 2002-Ohio-5127, a case cited by Henderson, we said at p. 2, " * * * we see no meaningful distinction between conditions of probation and conditions in community control sanctions." In each instance, an offender is spared incarceration, subject to a condition, the violation of which will result in the imposition of a prison sentence for the criminal act of which the offender was convicted.

{¶ 13}   In *State v. Hubbell*, 2d Dist. Darke No. 1617, 2004-Ohio-398, ¶ 11-13, we made a distinction between the payment of court-ordered child support as restitution and the payment of court-ordered child support as a condition of community control:

We turn, therefore, to whether the trial court properly required Hubbell to pay restitution in the amount of $49,264.33.   At this juncture, *we find it significant whether the trial court imposed restitution as a condition of Hubbell's community control sanctions or, on the other hand, as a part of his sentence for the two years of nonsupport.*   In general, "[r]estitution is limited to the actual loss caused by the offender's criminal conduct for which he was convicted.   'Thus, restitution can be ordered only for those acts that constitute the crime for which the defendant was convicted and sentenced.' "   *State v. Hicks*, Butler App. No. CA2002-08-198, 2003-Ohio-7210 (quoting *State v. Hafer* (2001), 144 Ohio App.3d 345, 348, 760 N.E.2d 56, 2001-Ohio-2412 ).   In *Sutherland*, we held that a trial court does not have the authority to force a defendant to pay restitution on damages which did not result from the criminal acts to which he had pled guilty.   *Sutherland, supra* (reversing a trial court

ordering the defendant to pay restitution for an arson at a church when he was neither charged nor convicted of that arson); *see also State v. Agbesua* (Jan. 5, 2001), Greene App. No.2000CA23. Thus, if a trial court requires a defendant to pay restitution as a part of his sentence for felony nonsupport of dependents, the court is limited to the amount of arrearage that accrued within the time period included in the indictment. We emphasize, however, that this limitation in criminal sentencing in no way relieves the offender of his duty to pay his child support arrearage in the court that has issued the underlying child support orders.

As for community control sanctions, a court may impose conditions that relate to the interest of doing justice, rehabilitate the offender, and insure his good behavior. *See State v. Jones* (1990), 49 Ohio St.3d 51, 550 N.E.2d 469; *State v. Craft*, Greene App. No.2001-CA-128, 2002-Ohio-5127 (applying *Jones* and noting that "we see no meaningful distinction between conditions of probation and conditions in community control sanctions"). The supreme court has held that in determining whether a condition of probation satisfies that test, "courts should consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation." *Jones*, 49 Ohio St.3d at 53, 550 N.E.2d 469. Under R.C. 2929.15 and R.C. 2929.18, the trial court may impose financial sanctions as a condition of community control, including but not limited to restitution and fines. *In our judgment, the requirement that an offender of felony nonsupport of dependents make payments on his total arrearage would satisfy the* Jones *criteria, even though such an amount goes beyond a permissible amount of restitution. E.g., Herring, supra; Lizanich, supra; State v. Karnes*

(Mar. 29, 2001), Athens App. No. 99CA042.  (Emphasis added.)

**{¶ 14}**  Henderson argues that the above-quoted passage from *Hubbell* is distinguishable because the condition of Henderson's community control sanctions goes beyond the payment of child-support arrearages – it includes the payment of court-ordered child support in the future.  We see no material distinction.  Henderson's payment of court-ordered child support is reasonably related to his rehabilitation from the offense of non-support, of which he was convicted; it also bears a reasonable relationship, at least, to the offense of which he was convicted; and it is arguably reasonably related to future criminality.  For these reasons, the requirement that he pay court-ordered child support as it becomes due in the future is a reasonable condition of his community control sanctions.

**{¶ 15}**  In *Hubbell, supra*, ¶ 25-26, we reversed an order to pay support corresponding to time periods outside the scope of that defendant's conviction as not proper restitution, when the order expressly denominated the ordered payment as restitution.  By contrast, in the case before us, the general requirement to pay court-ordered support is expressly denominated as a condition of community control, not as restitution.  Restitution, in two specified amounts, was separately ordered.  Henderson does not contend that this order of restitution does not correspond to the time periods of the offenses to which he pled guilty.  Indeed, the provision for restitution in the total amount of $20,246.40 (the sum of $12,205.80 plus $8,040.60) was reflected in the written guilty plea that Henderson tendered in open court, indicating that he agreed to pay restitution in that amount.

**{¶ 16}**  Henderson's First Assignment of Error is overruled.

### III.  The Trial Court Did Not Delegate its Judicial Authority

**to an Administrative Agency**

{¶ 17}   Henderson's Second Assignment of Error is as follows:

THE TRIAL COURT ERRED IN DELEGATING ITS JUDICIAL AUTHORITY TO OTHER ENTITIES.

{¶ 18}   Henderson contends that by providing that the payment schedule for the payment of restitution be arranged by Ohio Child Support Payment Central, the trial court impermissibly delegated its authority to regulate the payment of restitution to an administrative agency.   Henderson argues alternatively, and somewhat inconsistently, that this provision is meaningless because the Ohio Child Support Payment Central is just a repository for the payment of support, with payments from obligors coming in, and payments to obligees going out.

{¶ 19}   Henderson cites two cases in support of his argument that the trial court impermissibly delegated its authority.   One of these is *Cangemi v. Cangemi*, 8th Dist. Cuyahoga No. 84678, 2005-Ohio-772.   In that case, "the trial court allowed the parties to have a private judge hear and decide their [divorce] case and agreed to 'rubber-stamp' his decision in an effort to make that decision appealable to [the 8th District Court of Appeals.]" *Id.*, ¶ 24.   That is not what happened here.

{¶ 20}   The other case Henderson cites is *State v. Fair*, 2d Dist. Montgomery No. 8081, 1983 WL 2500 (October 14, 1983).   In that case, the trial court expressly delegated to a police detective the "sole discretion" to determine whether the defendant complied with the terms of a plea agreement requiring his cooperation with the police.   *Id.*, p.1.   It was expressly "agreed that the Defendant realizes that no other hearing will be held on the

reasonableness of Detective Taylor's action." *Id.*, p.2. By contrast, in the case before us, the trial court has not abdicated its responsibility, ultimately, to determine whether its restitution order has been complied with. If a dispute arises whether Henderson has complied with the trial court's order of restitution, he will have an opportunity to be heard by the trial court, including the opportunity to present any defenses available to him.

{¶ 21} Henderson makes a similar argument with respect to the requirement, as a condition of his community control sanction, that he pay court-ordered child support. Again, if the State should claim that he has failed this condition, and seek to have his community control sanctions revoked, the trial court would hold a hearing at which Henderson could dispute that claim, and present any defenses available to him.

{¶ 22} As the State points out, one court of appeals has held, and another has stated in dictum, that although a trial court may make the payment of court-ordered child support a condition of probation, pursuant to R.C. 3113.04(A) it is the child support enforcement agency, not the court, that should determine the amounts of periodic support due. *State v. Lizanich*, 93 Ohio App.3d 706, 711, 639 N.E.2d 855 (10th Dist. 1994); *State v. Williams*, 12th Dist. Butler No. CA97-10-202, 1998 WL 265006 (May 26, 1998), p. 4.

{¶ 23} Henderson's Second Assignment of Error is overruled.

**IV. By Requiring Henderson to Pay Court-Ordered Child Support,**
**as a Condition of Community Control Sanctions, the Trial Court**
**Has Not Created a Criminal Penalty for the Violation of that Condition**

{¶ 24} Henderson's Third Assignment of Error is as follows:

THE TRIAL COURT HAS ENCROACHED UPON THE POWERS OF THE LEGISLATURE BY JUDICIALLY CREATING A CRIMINAL PENALTY FOR VIOLATIONS WHICH ARE STATUTORILY ENFORCEABLE BY CONTEMPT PROCEEDINGS.

{¶ 25} Henderson argues that by making the payment of his court-ordered child support a condition of his community control sanctions, the trial court has "effectively criminalize[d] conduct for which the legislature has prescribed a contempt remedy." But as the State points out, when community control sanctions are vacated because the offender has failed to comply with the conditions thereof, the new sentence imposed is not punishment for the failure to comply with the conditions of community control; it is punishment for the crime of which the offender was convicted.

{¶ 26} In *State v. Black*, 2d Dist. Montgomery No. 24005, 2011-Ohio-1273, a defendant had his community control sanctions, imposed as a sentence for non-support, revoked because of his failure to comply with the requirement that he support his dependents. He argued that the prohibition against double jeopardy precluded his being convicted of criminal non-support based upon the same failure to provide support that had led to the revocation of his community control sanctions. We rejected that argument, holding that " * * * upon finding that a community control violation occurred based on a violation of law, the trial court's imposition of a prison sentence is not a punishment for the new offense but, rather, is a 'continuing consequence of the original conviction.' " *Id.* ¶ 13.

{¶ 27} Even when a term of incarceration is imposed for violation of a requirement of post-release control, that term of incarceration is deemed attributable to the original

conviction, not to the act constituting the violation of post-release control. *State v. Martello*, 97 Ohio St.3d 398, 2002-Ohio-666, 780 N.E.2d 250, ¶ 26.

{¶ 28}  We agree with the State that Henderson's criminal conduct consists of the two counts of Non-Support of Dependents to which he pled guilty, not potential violations of the conditions of the community control sanctions to which he was sentenced.

{¶ 29}  Henderson's Third Assignment of Error is overruled.


## V.  Conclusion

{¶ 30}  All of Henderson's assignments of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

FROELICH and FRENCH, JJ., concur.

(Hon. Judith L. French, Tenth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).


Copies mailed to:

Mathias H. Heck
Andrew T. French
Victor A. Hodge
Hon. Michael Tucker