[Cite as *State v. Gray*, 2017-Ohio-7271.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                                    Court of Appeals Nos.  E-16-066
                                                                                                            E-16-067
         Appellee

                                                                           Trial Court Nos.  2011-CR-327
v.                                                                                                       2015-CR-308

Dwight Gray                                                     **DECISION AND JUDGMENT**

         Appellant                                                  Decided:  August 18, 2017

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Jonathan M. McGookey, Assistant Prosecuting Attorney, for appellee.

Geoffrey L. Oglesby, for appellant.

* * * * *

**JENSEN, P.J.**

## I.  Introduction

{¶ 1} This is a consolidated appeal from the judgments of the Erie County Court

of Common Pleas, revoking appellant's, Dwight Gray, community control and ordering

him to serve two previously-imposed prison sentences totaling 61 months.  We affirm.

### A.  Facts and Procedural Background

**{¶ 2}** On August 3, 2012, appellant was sentenced to a total of 51 months in prison in case No. 11-CR-327 after being found guilty of two counts of trafficking in cocaine in violation of R.C. 2925.03(A)(1) and (C)(4)(b), felonies of the fourth degree, one count of possession of drugs in violation of R.C. 2925.11(A) and (C)(2)(a), a felony of the fifth degree, and one count of failure to verify in violation of R.C. 2950.06(A), a felony of the fourth degree. The trial court found that appellant was a candidate for community sanctions. Consequently, the court sentenced appellant to five years of community control on each of the foregoing counts, to be served concurrently.

**{¶ 3}** The court went on to inform appellant that he would be subject to the 51-month prison sentence if he failed to comply with the conditions of his community control. These conditions included, inter alia, intensive supervision for a period of one year with standard supervision for the remaining four years, random drug/alcohol screening, payment of restitution to the Erie County Adult Probation Department, completion of the Thinking for Change program, completion of 50 hours of community service, maintenance of full-time employment or submission of at least 14 employment applications per week during periods of unemployment, completion of a substance abuse assessment and treatment, and the payment of supervision fees in the amount of $5 per month.

**{¶ 4}** Thereafter, on November 24, 2015, appellant was sentenced to an additional 10 months in prison in case No. 15-CR-308, following his guilty plea to two counts of non-support of dependents in violation of R.C. 2919.21(B). The 10-month sentence was

2.

ordered to be served consecutively to the previously imposed 51-month sentence from case number 2011-CR-327. Once again, however, the trial court ordered appellant to serve five years of community control in lieu of the prison sentence, informing appellant that he would be subject to the prison sentence if he failed to comply with the terms of his community control.

{¶ 5} Approximately eight months later, appellant appeared before the trial court for a probable cause hearing at which the trial court determined that there was probable cause to believe that appellant had violated the terms of his community control. At a subsequent revocation hearing, appellant admitted to violating the terms of his community control after being informed by the trial court as to the potential consequences of entering such an admission. The trial court then proceeded to revoke appellant's community control and impose his 61-month prison sentence. Prior to sentencing appellant, the trial court allowed appellant to address the court in mitigation.

{¶ 6} On October 7, 2016, appellant filed his timely notice of appeal in both cases. Thereafter, the appeals were consolidated by order of this court.

## B. Assignments of Error

{¶ 7} On appeal, appellant assigns the following errors for our review:

> Assignment of Error No. I: The defendant had ineffective assistance of counsel when the defendant [admitted] to probation violations that are not part of the standard and special conditions of probation.

3.

Assignment of Error No. II: The Court failed to address the defendant prior to imposing a sentence based on revocation of community control sanctions.

Assignment of Error No. III: A trial court errs by not "merging" a single probation violation into one sentence when the single violation affects two cases where a defendant is on probation based on two separate indictments. The failure to merge probation violations based on the same conduct violates Art. I, Sec. 10 of the Ohio Constitution and the 5th and 14th amendments to the United States Constitution.

## II. Analysis

### A. Ineffective Assistance of Counsel

{¶ 8} In his first assignment of error, appellant argues that he received ineffective assistance of trial counsel when counsel allowed him to admit to probation violations that were not part of the standard and special conditions of probation.

{¶ 9} In order to demonstrate ineffective assistance of counsel, appellant must satisfy the two-prong test developed in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). That is, appellant must show that counsel's performance fell below an objective standard of reasonableness, and a reasonable probability exists that, but for counsel's error, the result of the proceedings would have been different. *Id.* at 687-688, 694.

4.

{¶ 10} Here, appellant contends that his counsel should not have allowed him to admit to violating the conditions of community control in both 11-CR-326 and 15-CR-308 because the conditions imposed under these cases were different. Specifically, appellant asserts that several of the conditions that were imposed under 11-CR-326 (intensive supervision, substance abuse counseling, notification of any change in employment, periodic reporting to probation department, clean drug screens) were unique to that case. Therefore, appellant insists that his counsel should not have allowed him to admit to violating the terms of his community control in case number 15-CR-308 based on violation of these conditions. Having reviewed the sentencing entry in 15-CR-308, we find no merit to appellant's argument.

{¶ 11} Notably, in the sentencing entry in 15-CR-308, the trial court expressly ordered appellant to "comply with the Standard Conditions of Community Control Sanctions as heretofore filed with this Court on February 6, 2008 * * *." Appellant does not dispute that he violated several of these standard conditions of community control. Indeed, in his appellate brief appellant admits that he failed to inform the probation department of his termination from employment, failed to report to his probation officer (allegedly because he was at work), and tested positive for marijuana. In light of appellant's acknowledgement that he violated the conditions of his community control that were expressly imposed in both 11-CR-327 and 15-CR-308, we find that trial counsel was not deficient in allowing him to acknowledge violation of the terms of his

5.

community control in both cases, nor do we find that such admissions were prejudicial to appellant. Trial counsel's assistance was therefore not ineffective in this case.

{¶ 12} Accordingly, appellant's first assignment of error is not well-taken.

## B. Appellant's Allocution Rights Under Crim.R. 32

{¶ 13} In his second assignment of error, appellant argues that the trial court erred in failing to inform him of his right to appeal or afford him the right to make a statement or present information in mitigation of punishment prior to imposing its sentence.

{¶ 14} Crim.R. 32 provides, in relevant part:

(A) Imposition of sentence. * * * At the time of imposing sentence, the court shall do all of the following:

(1) Afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment.

* * *

(B) Notification of right to appeal.

(1) After imposing sentence in a serious offense that has gone to trial, the court shall advise the defendant that the defendant has a right to appeal the conviction.

6.

(2) After imposing sentence in a serious offense, the court shall advise the defendant of the defendant's right, where applicable, to appeal or to seek leave to appeal the sentence imposed.

(3) If a right to appeal or a right to seek leave to appeal applies under division (B)(1) or (B)(2) of this rule, the court also shall advise the defendant of all of the following:

(a) That if the defendant is unable to pay the cost of an appeal, the defendant has the right to appeal without payment;

(b) That if the defendant is unable to obtain counsel for an appeal, counsel will be appointed without cost;

(c) That if the defendant is unable to pay the costs of documents necessary to an appeal, the documents will be provided without cost;

(d) That the defendant has a right to have a notice of appeal timely filed on his or her behalf.

Upon defendant's request, the court shall forthwith appoint counsel for appeal.

{¶ 15} First, appellant asserts that the trial court violated Crim.R. 32 when it failed to inform him of his right to appeal the trial court's revocation of community control and imposition of the original prison sentence. The state concedes that the trial court failed to inform appellant of his right to appeal, and the transcript of the revocation hearing confirms that the trial court so erred. Nonetheless, we find that the trial court's failure to

7.

inform appellant of his appellate rights under Crim.R. 32 constitutes harmless error in light of the fact that appellant timely appealed the trial court's judgment and was therefore not deprived of his right to appeal. *See* Crim.R. 52(A) ("Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded."); *see also State v. D.H.*, 10th Dist. Franklin No. 15AP-525, 2015-Ohio-5281, ¶ 6 (holding that the trial court's failure to inform the defendant of his right to appeal constituted harmless error in view of the filing of a notice of appeal within the 30-day period set forth under App.R. 4).

{¶ 16} Second, appellant argues that the trial court failed to afford him a right to make a statement or present information in mitigation of punishment, as required under Crim.R. 32(A)(1).

{¶ 17} Crim.R. 32(A)(1) confers upon a defendant "an absolute right of allocution." *State v. Green*, 90 Ohio St.3d 352, 358, 738 N.E.2d 1208 (2000). "The purpose of allocution is to allow the defendant an opportunity to state for the record any mitigating information which the judge may take into consideration when determining the sentence to be imposed." *State v. Turjonis*, 7th Dist. Mahoning No. 11 MA 28, 2012-Ohio-4215, ¶ 6. "Trial courts must painstakingly adhere to Crim.R. 32, guaranteeing the right of allocution." *Green* at 359-360. A defendant's right to allocution applies even at the sentencing hearing for a violation of community control when the trial court imposes the prison term that it stated at the original sentencing hearing it would impose if the

8.

defendant violated community control. *State v. Morris*, 8th Dist. Cuyahoga No. 104013, 2016-Ohio-7614, ¶ 13.

{¶ 18} At the revocation hearing, the following exchange took place between the trial court and appellant:

> COURT: Okay. Thank you. Mr. Gray, anything you want to say in mitigation of disposition?

> MR. GRAY: Yeah, I just want to say that the job I was at, that's the only reason why I wasn't calling in and, um, like now I've been doing better since I like been away from that job, but I knew – I need new employment because I know I got to like provide for child support and for my family and that's what I've been looking for. I've been looking for jobs. I have gave him a list of the jobs I've been, um, you know, applying for.

> And I've been clean for like a while now and I've been going through the, um, the rehab program and I will continue to, so.

{¶ 19} Having reviewed the foregoing, it is clear that appellant was, in fact, provided an opportunity to address the court in mitigation prior to the trial court's imposition of sentence. Therefore, we find that the trial court did not deprive appellant of his allocution rights under Crim.R. 32(A)(1).

{¶ 20} Accordingly, appellant's second assignment of error is not well-taken.

9.

## C. Merger of Appellant's Probation Violations

{¶ 21} In his third and final assignment of error, appellant argues that the trial court erred in failing to merge his violation of the terms of community control in 11-CR-326 with his violation of the terms of community control in 15-CR-308, and sentence him under only one of those cases.

{¶ 22} We initially note that appellant did not raise the merger issue in the trial court. The failure to raise this issue waives all but plain error on appeal. *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 3. To prevail under a plain error analysis, an appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. Crim.R. 52(B).

{¶ 23} Relevant to our disposition of appellant's merger argument, R.C. 2941.25, provides:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 24} Appellant does not argue that the offenses for which he was originally convicted in 11-CR-326 and 15-CR-308 were allied offenses of similar import. Rather, he contends that the sentences originally imposed under those cases should merge for purposes of sentencing here because the conduct that constituted a violation of the terms of his community control was the same for both cases. We find no merit to appellant's argument.

{¶ 25} In *State v. Henderson*, 2d Dist. Montgomery No. 24849, 2012-Ohio-3499, the Second District explained: "Even when a term of incarceration is imposed for violation of a requirement of post-release control, that term of incarceration is deemed attributable to the original conviction, not to the act constituting the violation of post-release control." *Id.* at ¶ 27, citing *State v. Martello*, 97 Ohio St.3d 398, 2002-Ohio-6661, 780 N.E.2d 250, ¶ 26. The court went on to apply this principle to violation of the conditions of community control. *Id*. at ¶ 28. Here, appellant's 51-month and 10-month prison sentences stemmed from the offenses for which he was originally convicted in 11-CR-327 and 15-CR-308, respectively, not his conduct that constituted a violation of the terms of his community control. Therefore, we find that merger does not apply in this case.

{¶ 26} Accordingly, appellant's third assignment of error is not well-taken.

11.

### III. Conclusion

**{¶ 27}** For the foregoing reasons, the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.             _____
                                                  JUDGE

James D. Jensen, P.J.

                                        _____
Christine E. Mayle, J.                             JUDGE
CONCUR.

                                        _____
                                                  JUDGE