[Cite as *State v. Stokes*, 2018-Ohio-1736.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                          Court of Appeals No. S-17-030

      Appellee                                   Trial Court No. 16CR335

v.

Guedel Stokes                                    **DECISION AND JUDGMENT**

      Appellant                                  Decided:  May 4, 2018

* * * * *

Timothy Braun, Sandusky County Prosecuting Attorney,
Mark E. Mulligan and Kenneth C. Walz, Assistant Prosecuting
Attorneys, for appellee.

Russell V. Leffler, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from an August 8, 2017 judgment of the Sandusky County

Court of Common Pleas, sentencing appellant to serve a previously suspended two-year

term of incarceration upon appellant's conviction for menacing, in violation of the terms

of appellant's probation following appellant's December 1, 2016 conviction on one count of failure to comply, in violation of R.C. 2921.331(B), a felony of the third degree.

{¶ 2} For the reasons set forth below, this court reverses the judgment of the trial court and remands the matter to the trial court for appellant to be resentenced in conformity with this decision.

{¶ 3} Appellant, Guedel Stokes, sets forth the following assignment of error:

I. THE DEFENDANT/APPELLANT WAS NOT PROVIDED THE RIGHT TO ALLOCUTION AT THE VIOLATION OF COMMUNITY CONTROL HEARING AND IS ENTITLED TO A NEW REVOCATION HEARING WHERE HE CAN EXERCISE THE RIGHT TO ALLOCUTION.

{¶ 4} The following undisputed facts are relevant to this appeal. On April 7, 2016, the Green Springs, Ohio Police Department was contacted by the local Dollar General store regarding a repeat shoplifter returning to the store and committing additional acts of theft from the store.

{¶ 5} Upon the arrival at the scene of the local police, appellant fled in his motor vehicle at a high rate of speed. Appellant led police on an ensuing high-speed chase at rates of speed reaching 115 m.p.h. during which appellant ignored traffic control devices, drove in the wrong direction against oncoming traffic, nearly forced another motorist off the road, and struck a parked car. Approximately a dozen items stolen from Dollar General were recovered from appellant's vehicle.

2.

**{¶ 6}** Following these events, appellant was charged with one count of failure to comply, in violation of R.C. 2921.331(B), a felony of the third degree, and one count of petty theft, in violation of R.C. 2913.02(A), a misdemeanor of the first degree.

**{¶ 7}** On December 1, 2016, pursuant to a voluntary plea agreement reached between appellee and counsel for appellant, appellant pled guilty to the count of failure to comply in exchange for dismissal of the pending theft and traffic offenses. A presentence investigation was ordered.

**{¶ 8}** On February 14, 2017, appellant was sentenced to a suspended two-year term of incarceration and probation.

**{¶ 9}** On August 1, 2017, while on active probation, appellant was charged with one count of domestic violence, in violation of R.C. 2919.25(A), and subsequently convicted of the amended, lesser offense of domestic menacing. Appellant conceded that the conviction constituted a violation of appellant's probation.

**{¶ 10}** On August 8, 2017, a probation violation sentencing hearing was conducted. During the hearing, counsel for appellant who was present with appellant presented mitigating arguments to the court. The court was presented with additional information and arguments from the assistant prosecutor and appellant's probation officer.

**{¶ 11}** Notably, during the probation violation sentencing hearing, appellant was not given an opportunity to elect whether or not he wanted to allocate and directly address the trial court prior to the imposition of sentence for the probation violation.

3.

**{¶ 12}** At the conclusion of the probation violation sentencing hearing, the previously suspended two-year term of incarceration was imposed with credit for time served being granted. This appeal ensued.

**{¶ 13}** In the sole assignment of error, appellant contends that he was not presented with the right of allocution at the probation violation hearing. We concur.

**{¶ 14}** In support of this appeal, appellant contends, "The trial court had the probation officer testify but never allowed the defendant to speak." The record of evidence does not reflect that appellant sought to speak and was prevented from doing so, but it does reflect that appellant was not presented with the opportunity to decide whether or not he wished to directly speak to the trial court prior to the sentence being imposed.

**{¶ 15}** This court recognizes that, "A defendant's right to allocution applies even at the sentencing hearing for a violation of community control when the trial court imposes the prison term that it stated at the original sentencing hearing it would impose if the defendant violated community control." *State v. Gray*, 6th Dist. Erie Nos. E-16-066 and E-16-067, 2017-Ohio-7271, ¶ 17.

**{¶ 16}** The record reflects that at no time during the course of the hearing did counsel for appellant, or the trial court, in any way inquire of appellant whether or not he wished to exercise his right to directly address the trial court prior to being sentenced.

**{¶ 17}** Wherefore, we find appellant's assignment of error well-taken. The judgment of the Sandusky County Court of Common Pleas is hereby reversed. The

4.

August 8, 2017 probation violation sentence is vacated and the matter is remanded to the trial court for resentencing. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

                                                          Judgment reversed.


        A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.              _____
                                                    JUDGE

Arlene Singer, J.

                                             _____
Thomas J. Osowik, J.                         JUDGE
CONCUR.

                                             _____
                                                    JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.