The STATE of Ohio, Appellee,

v.

LIZANICH, Appellant.

[Cite as *State v. Lizanich* (1994), 70 Ohio App.3d 706.]

Court of Appeals of Ohio,
Franklin County.

No. 93AP–1087.

Decided March 22, 1994.

---

*Michael Miller,* Franklin County Prosecuting Attorney, and *Steven L. Taylor,* Assistant Prosecuting Attorney, for appellee.

*David B. Tyack,* for appellant.

PETREE, Judge.

This is an appeal by defendant, Charles H. Lizanich, from a judgment of conviction and sentence entered by the Franklin County Court of Common Pleas.

Upon appeal, defendant presents two assignments of error:

"I.  The trial court erred in not dismissing or quashing the indictment for a felony of the fourth degree because no prior court determination of appellant's failure to provide support to his minor children for twenty-six out of one hundred four consecutive weeks existed;  absent such prior court determination the indictment alleges a violation which is a misdemeanor of the first degree.

"II.   The trial court erred in ordering appellant to make restitution of a child support arrearage to a former spouse as part of the sentence imposed."

On July 28, 1992, defendant was indicted on one count of nonsupport of his minor children in violation of R.C. 2919.21.   The indictment alleged that defendant had abandoned or failed to provide adequate support to his children from June 3, 1986 to July 27, 1992.   The indictment further alleged in pertinent part that defendant had "failed to provide such support for a total accumulated period of twenty-six (26) weeks out of one hundred four (104) consecutive weeks."

Defendant initially entered a plea of not guilty.   The matter was scheduled for trial on January 7, 1993.   The record indicates that defendant appeared before the court on that date, at which time he made an oral motion to dismiss the indictment on the ground that he could not be convicted of a felony under R.C. 2919.21 unless he had previously been convicted of nonsupport or if there had been a court finding that he had failed to provide support for his children for twenty-six out of one hundred four consecutive weeks.   Defendant contended that because there had been no such court finding made before the grand jury met to return the indictment as a fourth degree felony, he could be, at most, guilty of a first degree misdemeanor under R.C. 2919.21.

Defendant cited *State v. Messer* (1992), 62 Ohio Misc.2d 232, 597 N.E.2d 568, a case from the Wood County Common Pleas Court, in support of his contention that there must be a prior court finding of nonsupport in order to elevate nonsupport under R.C. 2919.21 from a first degree misdemeanor to a fourth degree felony.

In response, the prosecutor cited *State v. Sanders* (May 1, 1992), Wood App. No. 91WD109, unreported, 1992 WL 89616, in which the Wood County Court of Appeals held that the enhancement language in R.C. 2919.21 did not require that there be a prior court finding of nonsupport for twenty-six out of one hundred four consecutive weeks in order to charge the indictment.   Instead, that court found R.C. 2919.21(E) simply to be a further specification for the trier of fact to determine in order to enhance the charge from a first degree misdemeanor to a fourth degree felony.

The trial court overruled defendant's motion, finding that *Sanders* effectively overruled *Messer*.   The trial court further stated that the issue of whether defendant had failed to support his children for twenty-six out of one hundred four consecutive weeks would be submitted to the jury.

By entry dated June 2, 1993, defendant withdrew his not guilty plea and entered a plea of no contest.   Defendant appeared before the trial court for sentencing on July 8, 1993 and, by entry dated July 13, 1993, the court imposed a sentence of eighteen months' incarceration, with defendant to receive zero days

jail time credit. The court suspended the sentence and placed defendant on probation for five years upon the following conditions:

"[1] That defendant abide by the rules and regulations of the Probation Department; [2] pay court costs herein; [3] obtain second job until arrears are caught up; [4] probation to set weekly payments; [5] any missed payments will result in conversion to work release or weekends in jail; [6] attend Consumer Credit Counseling to arrange finances; [7] Restitution Ordered in the amount of $10,910.03 and any additions."

Defendant has timely appealed his conviction and sentence. The statute at issue in this appeal, R.C. 2919.21, provides in pertinent part:

"(A) No person shall abandon, or fail to provide adequate support to:

" * * *

"(2) His or her legitimate or illegitimate child who is under age eighteen * * *."

R.C. 2919.21 further provides:

"(E) Whoever violates division (A) of this section is guilty of nonsupport of dependents, a misdemeanor of the first degree. If the offender previously has been convicted of or pleaded guilty to a violation of division (A)(2) of this section or there has been a court finding that the offender has failed to provide support under division (A)(2) of this section for a total accumulated period of twenty-six weeks out of one hundred four consecutive weeks, whether or not the twenty-six weeks were consecutive, then a violation of division (A)(2) of this section is a felony of the fourth degree. * * *"

■ By his first assignment of error, defendant argues that the felony enhancement language of R.C. 2919.21(E) necessitates a finding that there exist a prior court determination of nonsupport in order to trigger the enhancement section. We find defendant's contention to be without merit.

Defendant cites *Messer, supra,* in support of his contention that the phrase "there has been a court finding" was intended to mandate that there must be a *prior* determination by a domestic relations court of a defendant's failure to support in order to enhance the penalty for nonsupport from a first degree misdemeanor to a fourth degree felony. However, as the trial court correctly noted, *Messer* has been effectively overruled by the holding in *Sanders.* As a result, *Messer* holds little precedential value in resolving this issue. While we are aware that *Sanders* is an unreported case and is, therefore, not binding upon this court, we agree with its determination that R.C. 2919.21(E) does not require a prior court determination of nonsupport in order to trigger the penalty enhancement section, but that the "court finding" language it refers to is an additional

fact to be determined by the trier of fact which, if found, would enhance the offense. Furthermore, the Delaware County Court of Appeals recently followed and applied the holding of *Sanders* to a case on facts similar to those presented in the case at bar. *State v. Bale* (Dec. 7, 1993), Delaware App. No. 93CAA01001, unreported, 1993 WL 535450.

We find that the plain meaning of R.C. 2919.21(E) supports the conclusions of both *Sanders* and *Bale* for three reasons. First, had the General Assembly intended the phrase "court finding" to mean "prior court finding," it could easily have done so by inserting the word "prior" or "previous" into this provision, as it did for the "previously has been convicted of" provision. Inasmuch as the General Assembly chose not to include the word "prior" or "previous" in the provision at issue, it must be presumed that it did not intend that there be a prior court finding of nonsupport by a domestic relations or any other civil court. Under such circumstances, this court is not disposed to supply such intent where none exists by statute.

Secondly, defendant misconstrues the General Assembly's use of the phrase "has been" to mean that the court finding must have taken place before indictment. However, since this provision enhances the sentence for nonsupport offenses, it must be presumed that the General Assembly would speak from the perspective of the time of sentencing, not from the perspective of the time of the indictment. Thus, it is perfectly logical that the General Assembly would use the present perfect tense "has been a court finding" to describe what had occurred at trial, *i.e.*, a determination by the trier of fact that defendant had failed to support his minor children for twenty-six out of one hundred four consecutive weeks.

Lastly, the statute clearly states that there must be a penalty enhancement if there is a "court finding that the offender has failed to provide support *under division (A)(2) of this section* * * *."* (Emphasis added.) Division (A)(2) of R.C. 2919.21 is part of a criminal statute, only to be reviewed by a criminal court. The statute does not contemplate any court other than a criminal court reviewing division (A)(2) to determine the issue of nonsupport. It must therefore be concluded that the General Assembly intended that the specific finding of nonsupport be made by a criminal court on the facts before the court at the time of trial, not by a domestic relations court prior to the time of indictment.

Accordingly, defendant's first assignment of error is not well taken.

■ By his second assignment of error, defendant argues that his sentence is invalid because the trial court ordered restitution as part of his sentence and because the trial court fixed arrearage payments. Defendant concedes that a trial court can order restitution as a condition of probation. *State v. Herring* (1993), 88 Ohio App.3d 228, 623 N.E.2d 687. However, defendant argues that it is

unclear whether restitution was ordered as part of defendant's sentence or as a condition of probation. The record indicates that the July 13, 1993 judgment entry lists restitution as one of the conditions of probation. It is evident that the trial court did not err in ordering restitution as a condition of defendant's probation.

■ The defendant further contends that the trial court erred in fixing the amount of weekly payments when those payments must be determined by the child support enforcement agency. R.C. 3113.04 provides, in pertinent part:

"(A) Sentence may be suspended if a person, after conviction under section 2919.21 of the Revised Code and before sentence under that section, appears before the court of common pleas in which the conviction took place and enters into bond to the state in a sum fixed by the court at not less than five hundred nor more than one thousand dollars, with sureties approved by the court, conditioned that the person will furnish the child or other dependent with necessary or proper home, care, food and clothing, or will pay promptly each week for such purpose to the child support enforcement agency, a sum *to be fixed by the agency.* The child support enforcement agency shall comply with sections 3113.21 to 3113.219 [3113.21.9] of the Revised Code when *it fixes the sum to be paid.*" (Emphasis added.)

Thus, pursuant to R.C. 3113.04, the trial court may suspend the sentence of an offender convicted of nonsupport under R.C. 2919.21 if the defendant appears before the court and enters into a bond conditioned on the defendant's either furnishing the child with certain necessities or paying to the child support enforcement agency a weekly sum that has been set by that agency.

The trial court's July 13, 1993 entry indicates that the court referred the case to the probation department to set the weekly payments, not to the child support enforcement agency as required by R.C. 3113.04. Based upon the failure to refer this matter to the child support enforcement agency, we conclude that the matter must be reversed and remanded for compliance with R.C. 3113.04. On remand, the trial court may order that the defendant pay an amount fixed by the child support enforcement agency as a condition of his probation.

■ We further note that the record in this case indicates that defendant failed to enter into a bond prior to the suspension of his sentence as mandated by R.C. 3113.04. Accordingly, upon remand, defendant must comply with the statute and post bond before his sentence may be suspended. *State v. Locklear* (Nov. 9, 1993), Franklin App. No. 93AP–657, unreported, 1993 WL 473260.

For the foregoing reasons, the first assignment of error is overruled, the second assignment of error is sustained in part, and the judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and the

cause is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

DESHLER and CLOSE, JJ., concur.