OPINION
{¶ 1} Mark A. Hubbell was found guilty upon a plea of no contest in the Darke County Court of Common Pleas to one count of nonsupport of dependents, a felony of the fifth degree, in violation of R.C. 2919.21(B). On March 21, 2003, the court conducted a sentencing hearing, at which Hubbell was placed on community control sanctions for a period of 36 months. Hubbell was further ordered to report to the Probation Department, "pay child support or arrearage or comply with the seek work law." In addition, the court required that Hubbell perform 40 hours of community service; pay court costs, appointed attorney fees and expenses; attend a budget management class; abstain from alcohol and illegal drugs; and not violate any federal, state or local laws or ordinances. On March 24, 2003, the court issued a written judgment entry, setting forth its sentence. The judgment required that Hubbell "pay restitution of $49,263.33 as ordered."
 {¶ 2} On appeal, Hubbell asserts one assignment of error, stemming from his sentence.
 {¶ 3} "The Court did not have the authority to set an amount of restitution for a conviction under ohio revised Code Section2919.21."
 {¶ 4} Hubbell claims that the trial court erroneously ordered him to pay restitution in the amount of $49,264.33, the alleged amount of his past due child support. Although he has asserted only one assignment of error, his argument is three-fold. First, Hubbell asserts that R.C. 2929.11 does not authorize a court to order back child support as restitution in cases involving nonsupport of dependents. Second, as an alternative argument, he contests the amount of the ordered restitution, arguing that the restitution order should not have included the child support payments that accrued before the date alleged in the indictment. Third, Hubbell indicates that his ex-wife is employed by the Darke County Child Support Enforcement Agency, and he requests that a hearing be conducted (presumably by the domestic relations division of the common pleas court) so that the amount of his arrearage can be accurately and fairly determined.
 {¶ 5} We begin with Hubbell's threshold argument that there exists no legal basis on which to order restitution for failure to pay child support. As noted by Hubbell, several courts have held that a trial court may not order the payment of past due child support, in the form of restitution, as part of a felony defendant's sentence for nonsupport of a dependent. See, e.g.,State v. Herring (1993), 88 Ohio App.3d 228, 623 N.E.2d 687;State v. Keslar (Nov. 17, 1999), Hocking App. No. 98CA20;State v. Williams (May 28, 1996), Butler App. No. CA97-10202. However, in each of those cases, the appellate court was interpreting the former version of R.C. 2929.11(E), which then governed the authority of the trial court to order restitution for a felony. That former statutory provision provided:
 {¶ 6} "The court * * * may require a person who is convicted of or pleads guilty to a felony to make restitution for all or part of the property damage that is caused by his offense and for all or part of the value of the property that is the subject of any theft offense, as defined in division (K) of section 2913.01
of the Revised Code, that the person committed."
 {¶ 7} In light of the statutory language which limited restitution to "property damage," appellate courts consistently held that the former versions of R.C. 2929.11(E) and R.C.2929.21(E) did not authorize the payment of past child support as restitution. At the same time, however, appellate courts recognized that restitution could be imposed as a condition of probation. Herring, supra; State v. Lizanich (1994),93 Ohio App.3d 706, 710-11, 639 N.E.2d 855.
 {¶ 8} Since the enactment of Am.Sub.S.B. 2 ("Senate Bill 2"), R.C. 2929.11(A) has provided that in sentencing an offender for a felony, the court shall be guided by the overriding purposes of felony sentencing, namely to protect the public and to punish the offender. To achieve those purposes, the court must consider the needs for incapacitating the offender, deterring the offender and others from future crimes, rehabilitating, and making restitution to the victim, the public or both. Id. R.C. 2929.18, which now governs the imposition of financial sanctions upon a felony offender, provides that in sentencing an offender for a felony, the court may sentence the offender to "any financial sanction," including "[r]estitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss." R.C. 2929.18(A)(1). The present version of R.C. 2929.01(M) defines "economic loss" as:
 {¶ 9} "any economic detriment suffered by a victim as a result of the commission of a felony and includes any loss of income due to lost time at work because of any injury caused to the victim, and any property loss, medical cost, or funeral expense incurred as a result of the commission of the felony." Id.[1]
 {¶ 10} With the passage of the current versions of R.C.2929.01(M) and R.C. 2929.18, the Ohio legislature has clearly broadened the scope of permissible restitution. In cases involving felony nonsupport of dependents, overdue child support payments constitute an "economic detriment" suffered by the victim due to the felony. Accordingly, we conclude that under the current sentencing statutes, a court may require a felony defendant to pay past due child support in the form of restitution in cases involving nonsupport of dependents, either as a part of his sentence or as a condition of community control. See State v. Sutherland (Aug. 15, 1997), Greene App. No. 97CA25 (trial court may impose a sentence that incorporates both community control and financial sanctions). The trial court thus properly ordered Hubbell pay restitution for the "economic loss" that he had caused, as permitted by the current version of R.C.2929.18.
 {¶ 11} We turn, therefore, to whether the trial court properly required Hubbell to pay restitution in the amount of $49,264.33. At this juncture, we find it significant whether the trial court imposed restitution as a condition of Hubbell's community control sanctions or, on the other hand, as a part of his sentence for the two years of nonsupport. In general, "[r]estitution is limited to the actual loss caused by the offender's criminal conduct for which he was convicted. `Thus, restitution can be ordered only for those acts that constitute the crime for which the defendant was convicted and sentenced.'"State v. Hicks, Butler App. No. CA2002-08-198, 2003-Ohio-7210
(quoting State v. Hafer (2001), 144 Ohio App.3d 345, 348,760 N.E.2d 56, 2001-Ohio-2412). In Sutherland, we held that a trial court does not have the authority to force a defendant to pay restitution on damages which did not result from the criminal acts to which he had pled guilty. Sutherland, supra (reversing a trial court ordering the defendant to pay restitution for an arson at a church when he was neither charged nor convicted of that arson); see also State v. Agbesua (Jan. 5, 2001), Greene App. No. 2000CA23. Thus, if a trial court requires a defendant to pay restitution as a part of his sentence for felony nonsupport of dependents, the court is limited to the amount of arrearage that accrued within the time period included in the indictment. We emphasize,
 {¶ 12} however, that this limitation in criminal sentencing in no way relieves the offender of his duty to pay his child support arrearage in the court that has issued the underlying child support orders.
 {¶ 13} As for community control sanctions, a court may impose conditions that relate to the interest of doing justice, rehabilitate the offender, and insure his good behavior. SeeState v. Jones (1990), 49 Ohio St.3d 51, 550 N.E.2d 469; Statev. Craft, Greene App. No. 2001-CA-128, 2002-Ohio-5127 (applyingJones and noting that "we see no meaningful distinction between conditions of probation and conditions in community control sanctions"). The supreme court has held that in determining whether a condition of probation satisfies that test, "courts should consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation." Jones,49 Ohio St.3d at 53. Under R.C. 2929.15 and R.C. 2929.18, the trial court may impose financial sanctions as a condition of community control, including but not limited to restitution and fines. In our judgment, the requirement that an offender of felony nonsupport of dependents make payments on his total arrearage would satisfy the Jones criteria, even though such an amount goes beyond a permissible amount of restitution. E.g.,Herring, supra; Lizanich, supra; State v. Karnes (Mar. 29, 2001), Athens App. No. 99CA042.
 {¶ 14} The state takes great pains to assert that the trial court imposed restitution as a condition of Hubbell's community control, as opposed to being a part of his sentence. Reviewing the court's written judgment entry, we disagree. In that entry, the court sentenced Hubbell to thirty-six months of community control, including the following ten enumerated sanctions:
 {¶ 15} "1. Report as ordered.
 {¶ 16} "2. Make timely payments of support as currently ordered; when unemployed, comply with Ohio law regarding the duty to comply with `seek work' orders.
 {¶ 17} "3. Pay court costs within 12 months with monthly payments.
 {¶ 18} "4. Perform 40 hours of community service through Adult Probation within 6 months.
 {¶ 19} "5. Comply with the assignment of wages/benefits from the Veteran's Administration as previously ordered in the domestic relations case.
 {¶ 20} "6. Abstain from alcohol and illegal drug usage.
 {¶ 21} "7. Pay court-appointed attorney fees and expenses within 24 months with monthly payments.
 {¶ 22} "8. Complete the budget management course from the OSU Extension Office.
 {¶ 23} "9. Have no violations of any federal, state or local laws or ordinances of any nature.
 {¶ 24} "10. Abide by all rules and regulations of the Adult Probation Department, including random alcohol and drug testing at the Defendant's costs."
 {¶ 25} In a separate paragraph, the court further ordered that a violation of the community control sanctions shall lead to more restrictive sanctions, up to and including a prison term of eleven months. Finally, in a third paragraph, the court ordered Hubbell to reimburse the state and Darke County for the costs of processing, supervision, confinement, indigent attorney fees and prosecution, and to "pay restitution of $49,264.33."
 {¶ 26} Upon examination of the judgment entry as a whole, we cannot conclude that the restitution order was a condition of community control as opposed to being a part of Hubbell's sentence. The order to pay restitution was not included among the enumerated sanctions. Rather, it was placed in a separate paragraph, subsequent to the portion of the entry which addressed the consequences of any failure by Hubbell to comply with the community control conditions. In light of the structure of the written judgment entry, we can glean no intent by the trial court to render the payment of restitution a condition of his community control.
 {¶ 27} Hubbell was indicted for nonsupport of dependents, pursuant to R.C. 2919.21(B), from September 1, 2000, through August 31, 2002. Although Hubbell's arrearage may stem from his failure to pay child support over several years (and we note that the sentencing hearing transcript includes references to at least one prior criminal nonsupport case against Hubbell), the indictment at issue covers only a two year period of time. Thus, the economic loss suffered by the victim for purposes of this indictment is the unpaid child support payments between September 1, 2000, and August 31, 2002. To the extent that the trial court ordered Hubbell to pay restitution which accrued outside the time period included in the indictment as a part of his sentence, that order was erroneous.
 {¶ 28} Although the written judgment entry does not indicate that the payment of the total arrearage was ordered as a condition of community control, we note that the court's oral pronouncement of sentence during the sentencing hearing suggests that the payment of Hubbell's arrearage was intended to be one of those conditions. The trial court ordered Hubbell to "pay child support or arrearage or comply with the seek work law."
 {¶ 29} Accordingly, the amount of the trial court's restitution order will be vacated, and the case will be remanded for either recalculation of the amount of restitution, if the trial court intended the payment of restitution to be a part of his sentence, or for resentencing, if the trial court intended for Hubbell's restitution to be a condition of his community control. Put differently, upon remand, the trial court should either (1) reduce the amount of restitution ordered to that amount which represents arrearage for the period between September 1, 2000, and August 31, 2002, or (2) resentence Hubbell and specifically make payment of the entire amount of arrearage a condition of Hubbell's community control sanctions.
 {¶ 30} Hubbell has asserted that an evidentiary hearing is required in order to make an accurate and impartial determination of the amount of his arrearage. We agree. Regardless of whether the trial court elects to resentence Hubbell, i.e. make payment of the total arrearage a condition of community control, or, instead, to reduce the amount of restitution ordered to that amount representing the arrearage for the two year period stated in the indictment, we believe that an evidentiary hearing is necessary to assure that the arrearage (whether the total amount or for the two year period) is properly calculated. We further believe that the trial court in this proceeding is the appropriate forum for conducting such a hearing.
 {¶ 31} Hubbell's assignment of error is sustained. The amount of the ordered restitution will be vacated, and the case will be remanded either for reduction of the amount of restitution or for resentencing. The judgment is affirmed in all other respects.
Fain, P.J. and Brogan, J., concur.
[1] Between July 1, 1996 and March 23, 2000, the Ohio Revised Code defined "economic loss" as "any economic detriment suffered by a victim as a result of criminally injurious conduct and includes * * * any property loss, medical cost, or funeral expense incurred as a result of the criminally injurious conduct." R.C. 2929.01(N). Courts have interpreted this definition as permitting orders of restitution only to compensate for crimes that posed the threat of personal injury or death. SeeState v. Ward (1999), 135 Ohio App.3d 76, 80-81,732 N.E.2d 1055. Because Hubbell was indicted for nonsupport of dependents beginning on September 1, 2000, this definition of economic loss is likewise inapplicable.