OPINION
{¶ 1} Defendant-appellant, Charles R. Stewart, appeals from a judgment of the Franklin County Court of Common Pleas imposing community control sanctions on defendant for his felony nonsupport of dependents. On appeal, defendant raises a single assignment of error:
The trial court erroneously ordered restitution in an amount greater than the amount of the economic loss due to missed support payments during the period covered by the indictment.
Because the trial court did not err in ordering defendant to pay his entire support arrearage as a condition of community control, we affirm.
 {¶ 2} On May 10, 2004, defendant entered a plea of guilty to one count of nonsupport of dependents, a fifth-degree felony in violation of R.C.2919.21(B). Defendant's plea was based on an indictment charging him with failure to provide support, as established by a domestic relations court order, to his son, Charles R. Stewart, Jr., for an accumulated period of 26 weeks during the two-year period of October 22, 2001 to October 22, 2003. The record reflects that defendant's monthly support obligation was approximately $218.
 {¶ 3} In a sentencing hearing for defendant conducted on June 28, 2004, the trial court imposed a five-year period of supervised "probation," more properly termed community control, together with various community control sanctions, and it ordered defendant to follow all domestic relations court orders. As one of the community control sanctions, the trial court ordered defendant to pay his entire support arrearage, totaling $11,223.72, to the Child Support Enforcement Agency in equal monthly installments of $187.06 over the five-year community control period, with community control to be revoked if defendant missed one payment. On June 30, 2004, the court issued its written judgment entry imposing community control and expressly ordering payment of the $11,223.72 support arrearage.
 {¶ 4} Defendant asserts the trial court exceeded its authority in ordering defendant to pay the amount of his entire support arrearage as a condition of community control. Defendant contends that restitution is limited by R.C. 2929.18(A) to the amount of the victim's economic loss caused by the illegal conduct for which defendant was convicted, here, his failure to pay child support between October 22, 2001 and October 22, 2003, as alleged in the indictment. Defendant claims the amount of support unpaid during the two-year period is a maximum of $5,232, significantly less than the $11,223.72 total support arrearage the court ordered defendant to pay. Defendant asserts the restitution amount ordered by the trial court must be vacated and the case remanded for a recalculation of the correct restitution amount defendant must pay in this case.
 {¶ 5} Initially, we note the trial court did not order the $11,223.72 support arrearage to be paid as "restitution." To the contrary, the trial court expressly stated it was not ordering defendant's payment of the $11,223.72 support arrearage as restitution, but instead was ordering the payment "as a condition of his probation." The issue on appeal resolves to whether the trial court properly may do so.
 {¶ 6} With the passage of Am.Sub.S.B. No. 2 in 1995, community control is the functional equivalent of and has replaced probation as a possible sentence under Ohio's felony sentencing law. State v. Talty,103 Ohio St.3d 177, 181, 2004-Ohio-4888, citing Cleveland Bar Assn. v.Cleary (2001), 93 Ohio St.3d 191, 192, fn. 1. Pursuant to R.C.2929.15(A)(1), a sentencing court that does not impose a prison term upon a felony offender is authorized to impose one or more community control sanctions, including residential, nonresidential, and financial sanctions, and any other conditions that it considers appropriate.Talty, at ¶ 10. R.C 2929.18 affords a trial court wide latitude in imposing financial sanctions including, but not limited to, those listed in the statute, such as restitution. State v. Karnes (Mar. 29, 2001), Athens App. No. 99CA042. Restitution, if ordered, may not exceed the amount of economic loss suffered by the victim as a result of the offender's commission of the offense. R.C. 2929.18(A)(1).
 {¶ 7} A trial court's imposition of community control sanctions is reviewed for an abuse of discretion. Talty, supra. Although a trial court is granted broad discretion in imposing community control sanctions, its discretion is not limitless. Id. Community control conditions, like probation conditions previously, must not be overbroad and must reasonably relate to the goals of community control: rehabilitation, administering justice, and ensuring good behavior. Id. at ¶ 16.
 {¶ 8} In determining whether a community control condition satisfies that test, "courts should consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation [community control]." State v. Jones (1990), 49 Ohio St.3d 51, 53; Talty, at ¶ 16 (finding "no meaningful distinction between community control and probation for purposes of reviewing the reasonableness of their conditions" and holding the Jones test applicable to community control sanctions); State v. Lake, 150 Ohio App.3d 408, 411, 2002-Ohio-6484
(agreeing that community control conditions should pass the Jones test);State v. Craft, Greene App. No. 2001-CA-128, 2002-Ohio-5127 (applying theJones test to conditions of community control).
 {¶ 9} In cases involving felony nonsupport of dependents, unpaid child support payments constitute an "economic loss" suffered by the victim for which a trial court may order the defendant to pay financial sanctions pursuant to R.C. 2929.18. State v. Hubbell, Darke App. No. 1617, 2004-Ohio-398, ¶ 10; Karnes, supra. See, also, State v. Lizanich
(1994), 93 Ohio App.3d 706, 710-711 (determining a trial court may order a defendant to pay past due support as a condition of probation). When a trial court imposes a financial sanction requiring the defendant to pay total accumulated support arrearages as a condition of community control, the trial court does not contravene Jones, even if the financial sanction includes child support arrearages accrued outside the time period covered by the indictment. Hubbell, at ¶ 13; State v. Christenson
(Oct. 25, 1999), Delaware App. No. 99CA-A-02-006.
 {¶ 10} Here, requiring defendant to pay his entire support arrearage is reasonably related to defendant's rehabilitation because (1) it requires him to support his dependents, (2) it is directly related to the crime of nonsupport of dependents for which defendant pleaded guilty, and (3) it is aimed at preventing further criminal conduct by defendant and ensuring his "good behavior" of supporting his dependents. See Hubbell,
at ¶ 13; Christenson, supra. Accordingly, the trial court acted within its discretion in ordering defendant to pay his entire support arrearage as a condition of community control.
 {¶ 11} Even if the court can lawfully order defendant to pay the entire support arrearage as a condition of community control, defendant argues for the first time on appeal that the $11,223.72 past due support amount may be inaccurate because a portion of it may have resulted from noncriminal conduct or may relate to other children who have become emancipated. Defendant's argument is not well-taken.
 {¶ 12} At the sentencing hearing, the trial court noted that $11,223.72 was a "verifiable arrearage amount" and advised defendant to bring it to the court's attention if the amount was inaccurate. Because the record does not reflect that defendant either requested a hearing or objected to the accuracy of $11,223.72 as the total arrearage amount, defendant has waived any error as to the amount of past due child support defendant must pay as a condition of community control. Christenson,
supra.
 {¶ 13} For the foregoing reasons, defendant's sole assignment of error is overruled and the trial court's judgment is affirmed.
Judgment affirmed.
Sadler and Deshler, JJ., concur.
DESHLER, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.