**[Cite as *State v. Shufford*, 2012-Ohio-3503.]**

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case Nos. 24846 |
| Plaintiff-Appellee | : | 24847 |
| | : | |
| v. | : | Trial Court Case Nos. 11-CR-413 |
| | : | 11-CR-412 |
| BERNARD V. SHUFFORD | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 3rd day of August, 2012.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. #0069384, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
     Attorney for Plaintiff-Appellee

VICTOR A. HODGE, Atty. Reg. #0007298, Public Defender's Office, 117 South Main Street, Suite 400, Dayton, Ohio 45422
     Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1} In these two appeals, defendant-appellant Bernard Shufford appeals

from two judgments convicting him of Non-Support of Dependents, in violation of R.C. 2919.21(B), felonies of the fifth degree. He pled guilty in each case to one count. Each case involved a different dependent child.

{¶ 2} Shufford was sentenced to community control sanctions in each case. In each case, the sanctions included requirements that he "compl[y] with the Montgomery County Support Enforcement Agency in SETS# [the number corresponding to each of the respective child dependents]." Or, in other words, that he pay his court-ordered child support.

{¶ 3} Shufford contends that: (1) the above-mentioned requirements are not permitted community control sanctions; (2) the trial court erred by delegating its judicial authority to Ohio Child Support Payment Central, an administrative agency; and (3) the trial court erred by creating a criminal penalty for acts (failure to pay child support) that are statutorily enforceable by contempt proceedings.

{¶ 4} We conclude that: (1) the requirements that Shufford pay his court-ordered child support are proper community control sanctions; (2) the trial court did not delegate its authority to determine whether those requirements were violated; and (3) the trial court did not create a criminal penalty for Shufford's future failure to pay child support, because the penalty that would be imposed if his community control sanctions were vacated would be a consequence of his criminal convictions in these cases. Accordingly, the judgments of the trial court are Affirmed.

## I. Shufford Pleads Guilty, in Two Cases, to Non-Support, and Community Control Sanctions Are Imposed

**{¶ 5}** Shufford was charged, in each of two cases, with two counts of Non-Support of a Dependent, in violation of R.C. 2919.21(B). Each case involved a different dependent child, and each count involved a different two-year time period.

**{¶ 6}** In each case, Shufford pled guilty to one count, and the other count was dismissed. In each case, Shufford was sentenced to community control sanctions for a period not to exceed five years. In each case, the seventh- and eighth-numbered sanctions were as follows:

7. A requirement that the offender complies with the Montgomery County Support Enforcement Agency in SETS# 7045967747;

8. A requirement that the offender complies with the Montgomery County Support Enforcement Agency in SETS# 7041158200[.]

**{¶ 7}** After all nine enumerated sanctions, each judgment entry continued as follows: "to be monitored by the Montgomery County Division of Criminal Justice Services. If you violate any condition of this sanction, or if you violate any law, the court can impose a longer time under the same sanction, impose a more restrictive sanction, or a prison term of **11 months CRC; concurrent with case no.** [the other case number]." (Underlining and bold in original.)

**{¶ 8}** The second page of each judgment entry contained a line for restitution. In one case, that line was left blank. In the other case, restitution was ordered in the amount of $10,376.13, to Ohio Child Support Payment Central.

**{¶ 9}** Shufford has appealed, in two separately numbered appeals, from the judgments against him. These appeals have been consolidated.

## II. The Trial Court Did Not Err by Requiring Shufford to Pay Court-Ordered Child Support as a Condition of his Community Control Sanctions

{¶ 10}   Shufford's First Assignment of Error is as follows:

THE TRIAL COURT ERRED IN ORDERING APPELLANT TO MAKE PAYMENTS, OTHER THAN RESTITUTION, ON ACCOUNTS MAINTAINED BY THE MONTGOMERY CHILD SUPPORT ENFORCEMENT AGENCY.

{¶ 11}   Shufford contends that the requirements, as part of his community control sanctions, that he pay court-ordered child support, constitute financial sanctions that are not authorized, because they go beyond the scope of financial sanctions authorized by R.C. 2929.18.   That statute authorizes as a financial sanction: "Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss."   R.C. 2929.18(A)(1).   Therefore, Shufford argues, although he could be required to pay the child support that he was convicted of not having paid, he cannot be required to pay child support, the non-payment of which was not the basis of his conviction, including, of course, future child support.

{¶ 12}   We have recognized a distinction between restitution, ordered unconditionally as part of a criminal sanction, and conditions of community control sanctions requiring the payment of court-ordered support.   In *State v. Craft*, 2d Dist. Greene No. 2001-CA-128, 2002-Ohio-5127, a case cited by Shufford, we said at p. 2, " * * * we see no meaningful distinction between conditions of probation and conditions in community control sanctions." In each instance, an offender is spared incarceration, subject to a condition, the violation of

which will result in the imposition of a prison sentence for the criminal act of which the offender was convicted.

{¶ 13} In *State v. Hubbell*, 2d Dist. Darke No. 1617, 2004-Ohio-398, ¶ 11-13, we made a distinction between the payment of court-ordered child support as restitution and the payment of court-ordered child support as a condition of community control:

> We turn, therefore, to whether the trial court properly required Hubbell to pay restitution in the amount of $49,264.33. At this juncture, *we find it significant whether the trial court imposed restitution as a condition of Hubbell's community control sanctions or, on the other hand, as a part of his sentence for the two years of nonsupport*. In general, "[r]estitution is limited to the actual loss caused by the offender's criminal conduct for which he was convicted. 'Thus, restitution can be ordered only for those acts that constitute the crime for which the defendant was convicted and sentenced.' " *State v. Hicks*, Butler App. No. CA2002-08-198, 2003-Ohio-7210 (quoting *State v. Hafer* (2001), 144 Ohio App.3d 345, 348, 760 N.E.2d 56, 2001-Ohio-2412 ). In *Sutherland*, we held that a trial court does not have the authority to force a defendant to pay restitution on damages which did not result from the criminal acts to which he had pled guilty. *Sutherland, supra* (reversing a trial court ordering the defendant to pay restitution for an arson at a church when he was neither charged nor convicted of that arson); *see also State v. Agbesua* (Jan. 5, 2001), Greene App. No.2000CA23. Thus, if a trial court requires a defendant to pay restitution as a part of his sentence for felony nonsupport of dependents, the court is limited to the amount of arrearage that accrued within the time period included in the

indictment. We emphasize, however, that this limitation in criminal sentencing in no way relieves the offender of his duty to pay his child support arrearage in the court that has issued the underlying child support orders.

As for community control sanctions, a court may impose conditions that relate to the interest of doing justice, rehabilitate the offender, and insure his good behavior. *See State v. Jones* (1990), 49 Ohio St.3d 51, 550 N.E.2d 469; *State v. Craft*, Greene App. No.2001-CA-128, 2002-Ohio-5127 (applying *Jones* and noting that "we see no meaningful distinction between conditions of probation and conditions in community control sanctions"). The supreme court has held that in determining whether a condition of probation satisfies that test, "courts should consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation." *Jones*, 49 Ohio St.3d at 53, 550 N.E.2d 469. Under R.C. 2929.15 and R.C. 2929.18, the trial court may impose financial sanctions as a condition of community control, including but not limited to restitution and fines. *In our judgment, the requirement that an offender of felony nonsupport of dependents make payments on his total arrearage would satisfy the* Jones *criteria, even though such an amount goes beyond a permissible amount of restitution. E.g., Herring, supra; Lizanich, supra; State v. Karnes* (Mar. 29, 2001), Athens App. No. 99CA042. (Emphasis added.)

{¶ 14} Shufford argues that the above-quoted passage from *Hubbell* is distinguishable because the condition of Shufford's community control sanctions goes beyond the payment of child-support arrearages – it includes the payment of court-ordered child

support in the future. We see no material distinction. Shufford's payment of court-ordered child support is reasonably related to his rehabilitation from the offense of non-support, of which he was convicted; it also bears a reasonable relationship, at least, to the offense of which he was convicted; and it is arguably reasonably related to future criminality. For these reasons, the requirement that he pay court-ordered child support as it becomes due in the future is a reasonable condition of his community control sanctions.

{¶ 15} In *Hubbell, supra*, ¶ 25-26, we reversed an order to pay support corresponding to time periods outside the scope of that defendant's conviction as not proper restitution, when the order expressly denominated the ordered payment as restitution. By contrast, in the cases before us, the general requirement to pay court-ordered support is expressly denominated as a condition of community control, not as restitution. In one of those cases, restitution in the amount of $10,366.13 was ordered. Shufford does not contend that this order of restitution does not correspond to the time period of the offense in that case. Indeed, the provision for restitution in that amount was reflected in the written guilty plea that Shufford tendered in open court, indicating that he agreed to pay restitution in that amount.

{¶ 16} Shufford's First Assignment of Error is overruled.

### III. The Trial Court Did Not Delegate its Judicial Authority to an Administrative Agency

{¶ 17} Shufford's Second Assignment of Error is as follows:

THE TRIAL COURT ERRED IN DELEGATING ITS JUDICIAL AUTHORITY TO OTHER ENTITIES.

{¶ 18} In one of Shufford's cases, 2011 CR 00412, corresponding to Montgomery App. No. 24847, the third-numbered condition of community control was: "A requirement that the offender pays restitution in the amount of [$]10,376.13 to Ohio Payment Central with a payment schedule to be arranged by that agency[.]" The second page of the judgment entry in that case included an order of restitution in that amount to Ohio Child Support Payment Central.

{¶ 19} Shufford contends that by providing that the payment schedule for the payment of restitution be arranged by Ohio Child Support Payment Central, the trial court impermissibly delegated its authority to regulate the payment of restitution to an administrative agency. Shufford argues alternatively, and somewhat inconsistently, that this provision is meaningless because the Ohio Child Support Payment Central is just a repository for the payment of support, with payments from obligors coming in, and payments to obligees going out.

{¶ 20} Shufford cites two cases in support of his argument that the trial court impermissibly delegated its authority. One of these is *Cangemi v. Cangemi*, 8th Dist. Cuyahoga No. 84678, 2005-Ohio-772. In that case, "the trial court allowed the parties to have a private judge hear and decide their [divorce] case and agreed to 'rubber-stamp' his decision in an effort to make that decision appealable to [the 8th District Court of Appeals.]" *Id.*, ¶ 24. That is not what happened here.

{¶ 21} The other case Shufford cites is *State v. Fair*, 2d Dist. Montgomery No. 8081, 1983 WL 2500 (October 14, 1983). In that case, the trial court expressly delegated to a police detective the "sole discretion" to determine whether the defendant complied with the terms of

a plea agreement requiring his cooperation with the police.  *Id.*, p.1.  It was expressly "agreed that the Defendant realizes that no other hearing will be held on the reasonableness of Detective Taylor's action."  *Id.*, p.2.  By contrast, in the case before us, the trial court has not abdicated its responsibility, ultimately, to determine whether its restitution order has been complied with.   If a dispute arises whether Shufford has complied with the trial court's order of restitution, he will have an opportunity to be heard by the trial court, including the opportunity to present any defenses available to him.

{¶ 22}  Shufford makes a similar argument with respect to the requirement, as a condition of his community control sanction, that he pay court-ordered child support.   Again, if the State should claim that he has failed this condition, and seek to have his community control sanctions revoked, the trial court would hold a hearing at which Shufford could dispute that claim, and present any defenses available to him.

{¶ 23}   As the State points out, one court of appeals has held, and another has stated in dictum, that although a trial court may make the payment of court-ordered child support a condition of probation, pursuant to R.C. 3113.04(A) it is the child support enforcement agency, not the court, that should determine the amounts of periodic support due.  *State v. Lizanich*, 93 Ohio App.3d 706, 711, 639 N.E.2d 855 (10th Dist. 1994); *State v. Williams*, 12th Dist. Butler No. CA97-10-202, 1998 WL 265006 (May 26, 1998), p. 4.

{¶ 24}   Shufford's Second Assignment of Error is overruled.

**IV.   By Requiring Shufford to Pay Court-Ordered Child Support,**

**as a Condition of Community Control Sanctions, the Trial Court**

**Has Not Created a Criminal Penalty for the Violation of that Condition**

{¶ 25}   Shufford's Third Assignment of Error is as follows:

THE TRIAL COURT HAS ENCROACHED UPON THE POWERS OF THE LEGISLATURE BY JUDICIALLY CREATING A CRIMINAL PENALTY FOR VIOLATIONS WHICH ARE STATUTORILY ENFORCEABLE BY CONTEMPT PROCEEDINGS.

{¶ 26}   Shufford argues that by making the payment of his court-ordered child support a condition of his community control sanctions, the trial court has "effectively criminalize[d] conduct for which the legislature has prescribed a contempt remedy."   But as the State points out, when community control sanctions are vacated because the offender has failed to comply with the conditions thereof, the new sentence imposed is not punishment for the failure to comply with the conditions of community control; it is punishment for the crime of which the offender was convicted.

{¶ 27}   In *State v. Black*, 2d Dist. Montgomery No. 24005, 2011-Ohio-1273, a defendant had his community control sanctions, imposed as a sentence for non-support, revoked because of his failure to comply with the requirement that he support his dependents. He argued that the prohibition against double jeopardy precluded his being convicted of criminal non-support based upon the same failure to provide support that had led to the revocation of his community control sanctions.   We rejected that argument, holding that " * * * upon finding that a community control violation occurred based on a violation of law, the trial court's imposition of a prison sentence is not a punishment for the new offense but, rather, is a 'continuing consequence of the original conviction.' " *Id.* ¶ 13.

**{¶ 28}**  Even when a term of incarceration is imposed for violation of a requirement of post-release control, that term of incarceration is deemed attributable to the original conviction, not to the act giving rise to the found violation of post-release control.  *State v. Martello*, 97 Ohio St.3d 398, 2002-Ohio-666, 780 N.E.2d 250, ¶ 26.

**{¶ 29}**  We agree with the State that Shufford's criminal conduct consists of the two counts of Non-Support of Dependents to which he pled guilty, not potential violations of the conditions of the community control sanctions to which he was sentenced.

**{¶ 30}**  Shufford's Third Assignment of Error is overruled.

## V.  Conclusion

**{¶ 31}**  All of Shufford's assignments of error having been overruled, the judgments of the trial court are Affirmed.

. . . . . . . . . . . . .

FROELICH and FRENCH, JJ., concur.

(Hon. Judith L. French, Tenth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Mathias H. Heck
Andrew T. French
Victor A. Hodge
Hon. Michael Tucker