[Cite as *State v. Teegarden*, 2012-Ohio-3488.]

### IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MONTGOMERY COUNTY

STATE OF OHIO                :

                          :      Appellate Case No. 24960

      Plaintiff-Appellee       :

                          :      Trial Court Case No. 2011-CR-2409

v.                            :

                          :

DAVID L. TEEGARDEN       :      (Criminal Appeal from

                          :       Common Pleas Court)

      Defendant-Appellant       :

                          :

. . . . . . . . . . .

### O P I N I O N

Rendered on the 3rd day of August, 2012.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. #0069384, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

VICTOR A. HODGE, Atty. Reg. #0007298, Public Defender's Office, 117 South Main Street, Suite 400, Dayton, Ohio 45422
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

**{¶ 1}** Defendant-appellant David L. Teegarden appeals from his conviction and sentence, following a guilty plea, for Possession of Cocaine, in violation of R.C. 2925.11(A), a felony of the fifth degree.

{¶ 2} Teegarden was sentenced to community control sanctions. The sanctions included a requirement that he "complies with the Montgomery County Support Enforcement Agency in SETS# 7046382045."

{¶ 3} Teegarden contends that: (1) the above-mentioned requirements are not permitted community control sanctions; (2) the trial court erred by delegating its sentencing authority to the juvenile or domestic relations court; (3) the trial court erred by creating a criminal penalty for acts (failure to pay child support) that are statutorily enforceable by contempt proceedings; and (4) the trial court erred by making the payment of court-ordered child support a condition of his community control sanction when that condition is not related to his drug offense.

{¶ 4} We conclude that: (1) the requirement that Teegarden pay his court-ordered child support is a proper community control sanction; (2) the trial court did not delegate its authority to determine whether that requirement was violated; (3) the trial court did not create a criminal penalty for Teegarden's future failure to pay child support, because the penalty that would be imposed if his community control sanctions were vacated would be a consequence of his criminal conviction in this case; and (4) the trial court did not err in making Teegarden's payment of court-ordered child support a condition of community control sanctions imposed as part of a sentence for a drug offense, because that requirement is a specific component of the general requirement that Teegarden abide by the law, which a trial court is required by statute to impose as part of community control sanctions. Accordingly, the judgment of the trial court is Affirmed.

**I. Teegarden Pleads Guilty to Possession of Cocaine,**

**and Community Control Sanctions Are Imposed**

**{¶ 5}** Teegarden pled guilty to Possession of Cocaine, and was sentenced to community control sanctions for a period not to exceed five years. The fifth-numbered sanction was as follows:

5. A requirement that the offender complies with the Montgomery County Support Enforcement Agency in SETS# 7046382045[.]

**{¶ 6}** After all thirteen enumerated sanctions, the judgment entry continued as follows: "to be monitored by the Montgomery County Division of Criminal Justice Services. If you violate any condition of this sanction, or if you violate any law, the court can impose a longer time under the same sanction, impose a more restrictive sanction, or a prison term of **12 months**." (Underlining and bold in original.)

**{¶ 7}** The second page of the judgment entry contained a line for restitution. That line was left blank.

**{¶ 8}** From his sentence, Teegarden appeals.

**II. The Trial Court Did Not Err by Requiring Teegarden to Pay Court-Ordered Child Support as a Condition of his Community Control Sanctions**

**{¶ 9}** Teegarden's First Assignment of Error is as follows:

THE TRIAL COURT ERRED AS A MATTER OF LAW BY IMPOSING AS A COMMUNITY CONTROL SANCTION AN ORDER THAT APPELLANT COMPLY WITH THE MONTGOMERY COUNTY SUPPORT ENFORCEMENT AGENCY IN SETS #7046382045.

**{¶ 10}** In support of this assignment of error, Teegarden first contends that the

requirement, as part of his community control sanctions, that he pay court-ordered child support, constitutes a financial sanction that is not authorized, because it exceeds the scope of financial sanctions authorized by R.C. 2929.18. That statute authorizes as a financial sanction: "Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss." R.C. 2929.18(A)(1). Teegarden argues that the requirement that he pay court-ordered child support is not based on a victim's economic loss, and is therefore not proper as an order of restitution.

{¶ 11} We have recognized a distinction between restitution, ordered unconditionally as part of a criminal sanction, and conditions of community control sanctions requiring the payment of court-ordered support. In *State v. Craft*, 2d Dist. Greene No. 2001-CA-128, 2002-Ohio-5127, we said at p. 2, " * * * we see no meaningful distinction between conditions of probation and conditions in community control sanctions." In each instance, an offender is spared incarceration, subject to a condition, the violation of which will result in the imposition of a prison sentence for the criminal act of which the offender was convicted.

{¶ 12} In *State v. Hubbell*, 2d Dist. Darke No. 1617, 2004-Ohio-398, ¶ 11-13, we made a distinction between the payment of court-ordered child support as restitution and the payment of court-ordered child support as a condition of community control:

We turn, therefore, to whether the trial court properly required Hubbell to pay restitution in the amount of $49,264.33. At this juncture, *we find it significant whether the trial court imposed restitution as a condition of Hubbell's community control sanctions or, on the other hand, as a part of his sentence for the two years of nonsupport.* In general, "[r]estitution is limited to the actual loss caused by the offender's criminal conduct for which he was convicted. 'Thus, restitution can be ordered only for those acts that constitute the

crime for which the defendant was convicted and sentenced.' " *State v. Hicks*, Butler App. No. CA2002-08-198, 2003-Ohio-7210 (quoting *State v. Hafer* (2001), 144 Ohio App.3d 345, 348, 760 N.E.2d 56, 2001-Ohio-2412 ). In *Sutherland*, we held that a trial court does not have the authority to force a defendant to pay restitution on damages which did not result from the criminal acts to which he had pled guilty. *Sutherland, supra* (reversing a trial court ordering the defendant to pay restitution for an arson at a church when he was neither charged nor convicted of that arson); *see also State v. Agbesua* (Jan. 5, 2001), Greene App. No.2000CA23. Thus, if a trial court requires a defendant to pay restitution as a part of his sentence for felony nonsupport of dependents, the court is limited to the amount of arrearage that accrued within the time period included in the indictment. We emphasize, however, that this limitation in criminal sentencing in no way relieves the offender of his duty to pay his child support arrearage in the court that has issued the underlying child support orders.

As for community control sanctions, a court may impose conditions that relate to the interest of doing justice, rehabilitate the offender, and insure his good behavior. *See State v. Jones* (1990), 49 Ohio St.3d 51, 550 N.E.2d 469; *State v. Craft*, Greene App. No.2001-CA-128, 2002-Ohio-5127 (applying *Jones* and noting that "we see no meaningful distinction between conditions of probation and conditions in community control sanctions"). The supreme court has held that in determining whether a condition of probation satisfies that test, "courts should consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation." *Jones*, 49 Ohio St.3d at 53, 550 N.E.2d 469. Under R.C. 2929.15 and R.C. 2929.18, the trial court may impose financial sanctions as a condition of

community control, including but not limited to restitution and fines. *In our judgment, the requirement that an offender of felony nonsupport of dependents make payments on his total arrearage would satisfy the* Jones *criteria, even though such an amount goes beyond a permissible amount of restitution. E.g., Herring, supra; Lizanich, supra; State v. Karnes* (Mar. 29, 2001), Athens App. No. 99CA042. (Emphasis added.)

**{¶ 13}** Teegarden argues that the above-quoted passage from *Hubbell* is distinguishable because the condition of Teegarden's community control sanctions goes beyond the payment of child-support arrearages – it includes the payment of court-ordered child support in the future. We see no material distinction.

**{¶ 14}** In *Hubbell, supra*, ¶ 25-26, we reversed an order to pay support corresponding to time periods outside the scope of that defendant's conviction as not proper restitution, when the order expressly denominated the ordered payment as restitution. By contrast, in the case before us, the general requirement to pay court-ordered support is expressly denominated as a condition of community control, not as restitution.

### III. The Trial Court Did Not Delegate its

### Sentencing Authority to Another Court

**{¶ 15}** Teegarden next contends in support of his First Assignment of Error that by ordering him to comply with the Child Support Enforcement Agency SETS # account, the trial court has unlawfully delegated its sentencing authority to the juvenile or domestic relations court, which has the power to modify his support obligation.

**{¶ 16}** While the appropriate court may modify Teegarden's court-ordered child

support, it would have no authority to determine whether he has failed to comply with his court-ordered obligation to pay child support, for the purpose of determining whether to revoke his community control sanctions. That authority remains in the sentencing court.

{¶ 17} Teegarden cites two cases in support of his argument that the trial court impermissibly delegated its authority. One of these is *Cangemi v. Cangemi*, 8th Dist. Cuyahoga No. 84678, 2005-Ohio-772. In that case, "the trial court allowed the parties to have a private judge hear and decide their [divorce] case and agreed to 'rubber-stamp' his decision in an effort to make that decision appealable to [the 8th District Court of Appeals.]" *Id.*, ¶ 24. That is not what happened here.

{¶ 18} The other case Teegarden cites is *State v. Fair*, 2d Dist. Montgomery No. 8081, 1983 WL 2500 (October 14, 1983). In that case, the trial court expressly delegated to a police detective the "sole discretion" to determine whether the defendant complied with the terms of a plea agreement requiring his cooperation with the police. *Id.*, p.1. It was expressly "agreed that the Defendant realizes that no other hearing will be held on the reasonableness of Detective Taylor's action." *Id.*, p.2. By contrast, in the case before us, the trial court has not abdicated its responsibility, ultimately, to determine whether Teegarden has satisfied the conditions of his community control sanctions. If a dispute arises whether Teegarden has satisfied those conditions, he will have an opportunity to be heard by the trial court, including the opportunity to present any defenses available to him.

{¶ 19} As the State points out, one court of appeals has held, and another has stated in dictum, that although a trial court may make the payment of court-ordered child support a condition of probation, pursuant to R.C. 3113.04(A) it is the child support enforcement agency, not the court, that should determine the amounts of periodic support due. *State v.*

*Lizanich*, 93 Ohio App.3d 706, 711, 639 N.E.2d 855 (10th Dist. 1994); *State v. Williams*, 12th Dist. Butler No. CA97-10-202, 1998 WL 265006 (May 26, 1998), p. 4.

### IV.   By Requiring Teegarden to Pay Court-Ordered Child Support, as a Condition of Community Control Sanctions, the Trial Court Has Not Created a Criminal Penalty for the Violation of that Condition

{¶ 20}   Teegarden next argues in support of his First Assignment of Error that by making the payment of his court-ordered child support a condition of his community control sanctions, the trial court has provided a sanction for failure to pay child support beyond the sanctions provided therefor by the General Assembly.   But as the State points out, when community control sanctions are vacated because the offender has failed to comply with the conditions thereof, the new sentence imposed is not punishment for the failure to comply with the conditions of community control; it is punishment for the crime of which the offender was convicted.

{¶ 21}   In *State v. Black*, 2d Dist. Montgomery No. 24005, 2011-Ohio-1273, a defendant had his community control sanctions, imposed as a sentence for non-support, revoked because of his failure to comply with the requirement that he support his dependents. He argued that the prohibition against double jeopardy precluded his being convicted of criminal non-support based upon the same failure to provide support that had led to the revocation of his community control sanctions.   We rejected that argument, holding that " * * * upon finding that a community control violation occurred based on a violation of law, the trial court's imposition of a prison sentence is not a punishment for the new offense but, rather, is a 'continuing consequence of the original conviction.' " *Id.* ¶ 13.

{¶ 22} Even when a term of incarceration is imposed for violation of a requirement of post-release control, that term of incarceration is deemed attributable to the original conviction, not to the act constituting the violation of post-release control. *State v. Martello*, 97 Ohio St.3d 398, 2002-Ohio-666, 780 N.E.2d 250, ¶ 26.

{¶ 23} We agree with the State that Teegarden's criminal conduct consists of the Possession of Cocaine, to which he pled guilty, not potential violations of the conditions of the community control sanctions to which he was sentenced.

{¶ 24} Teegarden's First Assignment of Error is overruled.


**V. The Trial Court Did Not Err by Requiring the Payment of Court-Ordered Child Support as a Condition of Community Control Sanctions Imposed as Part of a Sentence for Possession of Cocaine**

{¶ 25} Teegarden's Second Assignment of Error is as follows:

THE TRIAL COURT ABUSED ITS DISCRETION BY IMPOSING AS A COMMUNITY CONTROL SANCTION AN ORDER THAT APPELLANT COMPLY WITH ITS MONTGOMERY SUPPORT ENFORCEMENT AGENCY IN SETS #7046382045.

{¶ 26} In support of this assignment of error, Teegarden argues that even if the requirement that he pay his court-ordered child support, as a condition of his community control sanctions, were otherwise proper, it is not a proper requirement as part of community control sanctions imposed as a sentence for Possession of Cocaine, because it is unrelated to that offense.

{¶ 27}   The State notes that it is a crime to fail to provide support as established by a court order.   R.C. 2919.21(B).   Teegarden contends that non-support is only a crime when it involves a failure to pay support for 26 weeks out of a 102-week period, but this is merely a fact that elevates the offense from a first-degree misdemeanor to a fourth- or fifth-degree felony; any failure to pay court-ordered support is at least a misdemeanor, subject to any applicable defenses.   R.C. 2919.21(G)(1).

{¶ 28}   The State also notes that R.C. 2929.15(A)(1), which authorizes the imposition of community control sanctions, includes a requirement that "the court shall impose as a condition of the nonresidential sanctions that, during the period of the sanctions, the offender must abide by the law * * * ."   The judgment entry in this case includes that general condition.   The requirement that Teegarden pay court-ordered support is but a specific application of this general condition, and is therefore presumably unnecessary.   But we see nothing wrong with including in the judgment entry specific applications of the general requirement that Teegarden must abide by the law, which will have the salutary effect of bringing those specific legal requirements to his attention.

{¶ 29}   Teegarden's Second Assignment of Error is overruled.


## VI.   Conclusion

{¶ 30}   All of Teegarden's assignments of error having been overruled, the judgment of the trial court is Affirmed.

· · · · · · · · · · · ·

FROELICH and FRENCH, JJ., concur.

(Hon. Judith L. French, Tenth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Mathias H. Heck
Andrew T. French
Victor A. Hodge
Hon. Michael Tucker