[Cite as *State v. Scates*, 2014-Ohio-1284.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO

      Plaintiff-Appellee

v.

JOSEPH W. SCATES

      Defendant-Appellant

Appellate Case No.    25825

Trial Court Case No.   2012-CR-2089

(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 28th day of March, 2014.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MICHELE D. PHIPPS, Atty. Reg. No. 0069829, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

ROBERT L. SCOTT, Atty. Reg. No. 0086785, 8801 North Main Street, Suite 200, Dayton, Ohio 45415
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1}     We are asked to decide if the trial court ordered excessive restitution in this case that did not result from the criminal acts to which the Appellant was convicted. The parties agree that the trial court erred. We agree with the parties and reverse the order of restitution and remand to the trial court to hold a hearing to determine restitution.

{¶ 2}     The Montgomery County Grand Jury indicted Appellant, Joseph Scates on four counts of nonsupport of dependents in violation of R.C. 2919.21(B), fifth degree felonies. Scates entered a plea of guilty to counts one and four of the indictment. Prior to the pleas, the State indicated the amount of restitution for count one was $18,436.98 and on count two the amount was $56,539.96. The court relied upon these representations. The trial court sentenced Scates to concurrent nine month prison sentences to be served concurrently with a six year prison term Scates was serving from a Clark County conviction.

ASSIGNMENT OF ERROR

{¶ 3}     Scates' assignment of error states:

The trial court erred by imposing an excessive restitution amount that did

not result from the criminal acts to which the defendant-appellant plead guilty.

{¶ 4}     Scates notes that count one of the indictment pertains to the period of June 1, 2007 through May 31, 2009. The trial court ordered Scates to pay $18,436.98 restitution for this 24-month period. This is approximately $802.00 a month. The trial court also ordered Scates to pay $56,539.96 restitution for the nine-month period of October 1, 2011 through June 30, 2012, alleged in count four of the indictment. This is approximately $6,282.21 a month.

{¶ 5}     It is significant whether a trial court imposed restitution as a condition of

community control or as part of the sentence. If the restitution is imposed as a condition of community control, the requirement that the offender make payments on his total arrearage is permitted even if such amount goes beyond a permissible amount of restitution. *State v. Hubbell*, 2d Dist., Darke No. 1617, 2004-Ohio-398, ¶ 13, quoting *State v. Jones,* 49 Ohio St.3d 51, 550 N.E.2d 469 (1990); *State v. Craft*, 2d Dist. Greene No. 2001-CA-128, 2002-Ohio-5127.

{¶ 6}     Here, the trial court's restitution order was part of a prison sentence. Therefore, restitution is limited to the amount of nonsupport arrearage accrued within the time period included in the indictment. *State v. Hubbell*, Id., at ¶ 11. This limitation does not relieve the offender of his duty to pay the child support arrearage in the court that has issued the underlying child support orders. Id., at ¶ 12.

{¶ 7}     We agree with the parties that on its face, the trial court order imposed restitution beyond the time periods specified in the two counts of the indictment. Accordingly, we also agree with the parties that Scates' assignment of error has merit. We reverse the trial court order of restitution and remand to the trial court to hold a hearing to determine restitution.

. . . . . . . . . . . .

FAIN and DONOVAN, JJ., concur.


Copies mailed to:

Mathias H. Heck
Michele D. Phipps
Robert L. Scott

Hon. Michael Tucker